## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORNELL HERBERT** | ) |
| **97 Cornell Drive** | ) |
| **Kearneysville, WV 25430** | ) |
| | ) |
| **Plaintiff** | ) |
| **v.** | ) |
| | ) |
| **THE ARCHITECT OF THE** | ) |
| **CAPITOL** | ) |
| **U.S. Capitol Building** | ) |
| **Washington, D.C.** | ) |
| **Defendant** | ) |

## ORIGINAL COMPLAINT (TRIAL BY JURY REQUESTED)

For his Complaint against the Defendant Architect of the Capitol, Plaintiff Cornell Herbert, by and through his undersigned attorneys, avers the following, based on information and belief and/or the Plaintiff's personal knowledge.

## JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to The Congressional Accountability Act of 1995 (2 U.S.C. §1408 (a)), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. This is an action authorized and instituted pursuant to The Congressional Accountability Act, (2 U.S.C. 1301 *et seq*.), Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. sections 2000e, *et seq*.), and the common law.

3. The unlawful employment practices alleged in this Complaint were committed in the District of Columbia.

4. The Plaintiff is African American and a resident of the State of West Virginia.

5. The Defendant, the Plaintiff's current employer, is a United States Congressional Agency located in the District of Columbia.

6. Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action. The Plaintiff filed a timely Request for Counseling before the Office of Compliance raising the violations of the Congressional Accountability Act complained of here. The Plaintiff participated in the Office of Compliance Counseling and Mediation sessions; and the Plaintiff files this Complaint after the expiration of 30 days, and before the expiration of 90-days, following the receipt of the notices of the termination of mediation.

## BACKGROUND FACTS

7. Mr. Herbert reasserts and reavers each of the above paragraphs as if they were specifically restated here.

8. In the fall of 2005, Mr. Herbert initiated a complaint of race-based discrimination with the Office of Compliance. Mr. Herbert's claim included allegations that he was denied training and the opportunity to perform skilled paining tasks that would support his promotion from Grade 7 to Grade 9, that he was denied promotions and performance awards and that he was subjected to informal discipline that should have been directed at his White colleagues instead of him.

9. Prior to initiating his complaint at the Office of Compliance, on or about August 31, 2005, Mr. Herbert discussed his concerns with the Paint Branch Supervisor, Ed Williams, and Deputy Superintendent of the House Office Buildings, Bob Gliech.

10. Following this meeting, in which Messrs. Williams and Gliech failed to address Mr. Herbert's concerns, Mr. Herbert advised Mr. Williams that he would proceed to file a

complaint at the Office of Compliance.   Mr. Williams responded by asking Mr. Herbert if he was concerned about losing his job as a result of making such a complaint.

11.  Mr. Herbert filed his complaint with the Office of Compliance on or about August 31, 2005.   Shortly thereafter, Mr. Herbert discovered that a sticker, which read "WARNING," had been placed on his locker.  When Mr. Herbert brought the sticker to Mr. Williams' attention, Mr. Williams responded that Mr. Herbert "must have pissed someone off."

12. Mr. Herbert's first complaint at the Office of Compliance proceeded according to the procedures of the Office of Compliance.

13. Mr. Herbert was promised a promotion to the Grade 9 at the end of January 2007.

14. On December 2, 2006, Mr. Herbert was assigned to a project involving the painting of numerous offices in the Longworth House Office Building, along with a group of temporary painters and a Leader, Charles Brown.   When the group entered room 1314, they found that it was full of furniture that needed to be moved before painting could begin. Many of the painters, including the Leader, were upset by the fact that they were required to move the furniture and they complained about that requirement. When the Leader telephoned Ed Williams about the issue, Mr. Williams indicated that if anyone did not want to move furniture, they could come to the office and talk to him about it.   Mr. Herbert did just that and explained to Mr. Williams that the painters had been promised that furniture would be moved beforehand.  Mr. Williams asked Mr. Herbert if he was refusing to move furniture, and Mr. Herbert responded

that he was <u>not</u> refusing to move furniture and he returned to the Longworth Building to finish moving furniture and paint.

15. Upon returning to the Longworth Building, one of the White temporary painters began to insult Mr. Herbert and called him a "nigger," in the presence of the painters and the Leader.  The Leader informed Mr. Williams about the incident, and Mr. Williams sent David Dean to talk to Mr. Herbert.  Mr. Dean asked Mr. Herbert – as a favor to him – to let the racial slur be forgotten. Mr. Herbert refused to do so. Mr. Herbert then discussed the matter with Mr. Williams. Mr. Williams asked Mr. Herbert to permit the White, temporary painter to apologize to him.  When Mr. Herbert again indicated that an apology would not suffice, Mr. Williams sent the temporary painter home. On information and belief, the White temporary painter was terminated only because Mr. Herbert would not let the matter be forgotten with a mere apology.

16. On January 9, 2007, Mr. Williams proposed to officially reprimand Mr. Herbert for 1) failing to perform assigned duties and 2) using inappropriate language in the workplace.  These allegations stemmed from the fact that Mr. Herbert, along with the other painters on the Longworth painting crew, complained about having to move furniture before painting and that Mr. Herbert came to discuss the matter of moving furniture with Mr. Williams.  No other employee was disciplined.

### <u>COUNT I: DISCRIMINATION BASED ON RACE</u>

17. Mr. Tasker repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

18. The official reprimand was proposed against Mr. Herbert because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Congressional Accountability Act.

19. As a result of the discriminatory conduct described above, Mr. Herbert's promised promotion was placed in jeopardy, and Mr. Herbert suffered emotional pain and suffering.

## COUNT II: RETALIATION

20. Mr. Herbert repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

21. The decision to propose the formal reprimand against Mr. Herbert was motivated by a desire to retaliate against him, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Congressional Accountability Act, for his prior protected activity, namely complaining about Mr. Williams' discriminatory conduct at the Office of Compliance.

22. The retaliatory conduct described above was intended to, and did, put Mr. Herbert in fear that the Defendant would withhold the promised promotion. As a result, Mr. Herbert suffered emotional pain and suffering.

WHEREFORE, Plaintiff prays that this Court: (i) declare that the employment practices complained of in this Complaint are unlawful in that they violate the Congressional Accountability Act and the Civil Rights statutes made applicable to the Architect of the Capitol therein; (ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of the

Congressional Accountability Act; (iii) order the Defendant to make the Plaintiff whole by paying Plaintiff compensatory damages in an amount to be determined at trial; (iv) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance; (v) order the Defendant to pay Plaintiff's costs and expenses and reasonable attorneys' fees in connection with this action; and (vi) grant such other and further relief to the Plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,
ALDERMAN, DEVORSETZ & HORA, PLLC

_____
Leslie D. Alderman III (D.C. # 477750)
1025 Connecticut Ave., NW
Suite 615
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224
lalderman@adhlawfirm.com

Attorney for the Plaintiff

H
07-1516
CKK

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Cornell Herbert

88888

**DEFENDANTS**

Architect of the Capitol

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)** _____ 11001
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Leslie D. Alderman III
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave. NW Suite 615
Washington, D.C. 20036
202-969-8220

Case: 1:07-cv-01516
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/24/2007
Description: Employ. Discrim.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

● 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

# IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ **410 Antitrust**

○ **B.** *Personal Injury/*
*Malpractice*

☐ **310 Airplane**
☐ **315 Airplane Product Liability**
☐ **320 Assault, Libel & Slander**
☐ **330 Federal Employers Liability**
☐ **340 Marine**
☐ **345 Marine Product Liability**
☐ **350 Motor Vehicle**
☐ **355 Motor Vehicle Product Liability**
☐ **360 Other Personal Injury**
☐ **362 Medical Malpractice**
☐ **365 Product Liability**
☐ **368 Asbestos Product Liability**

○ **C.** *Administrative Agency*
*Review*

☐ **151 Medicare Act**

**Social Security:**
☐ **861 HIA ((1395ff)**
☐ **862 Black Lung (923)**
☐ **863 DIWC/DIWW (405(g)**
☐ **864 SSID Title XVI**
☐ **865 RSI (405(g)**
**Other Statutes**
☐ **891 Agricultural Acts**
☐ **892 Economic Stabilization Act**
☐ **893 Environmental Matters**
☐ **894 Energy Allocation Act**
☐ **890 Other Statutory Actions (If
Administrative Agency is Involved)**

○ **D.** *Temporary Restraining*
*Order/Preliminary*
*Injunction*

**Any nature of suit from any category may
be selected for this category of case
assignment.**

***(If Antitrust, then A governs)***

○ **E.** *General Civil (Other)*        **OR**        ○ **F.** *Pro Se General Civil*

**Real Property**
☐ **210 Land Condemnation**
☐ **220 Foreclosure**
☐ **230 Rent, Lease & Ejectment**
☐ **240 Torts to Land**
☐ **245 Tort Product Liability**
☐ **290 All Other Real Property**

**Personal Property**
☐ **370 Other Fraud**
☐ **371 Truth in Lending**
☐ **380 Other Personal Property Damage**
☐ **385 Property Damage Product Liability**

**Bankruptcy**
☐ **422 Appeal 28 USC 158**
☐ **423 Withdrawal 28 USC 157**

**Prisoner Petitions**
☐ **535 Death Penalty**
☐ **540 Mandamus & Other**
☐ **550 Civil Rights**
☐ **555 Prison Condition**

**Property Rights**
☐ **820 Copyrights**
☐ **830 Patent**
☐ **840 Trademark**

**Federal Tax Suits**
☐ **870 Taxes (US plaintiff or
defendant**
☐ **871 IRS-Third Party 26
USC 7609**

**Forfeiture/Penalty**
☐ **610 Agriculture**
☐ **620 Other Food &Drug**
☐ **625 Drug Related Seizure
of Property 21 USC 881**
☐ **630 Liquor Laws**
☐ **640 RR & Truck**
☐ **650 Airline Regs**
☐ **660 Occupational
Safety/Health**
☐ **690 Other**

**Other Statutes**
☐ **400 State Reapportionment**
☐ **430 Banks & Banking**
☐ **450 Commerce/ICC
Rates/etc.**
☐ **460 Deportation**

☐ **470 Racketeer Influenced &
Corrupt Organizations**
☐ **480 Consumer Credit**
☐ **490 Cable/Satellite TV**
☐ **810 Selective Service**
☐ **850 Securities/Commodities/
Exchange**
☐ **875 Customer Challenge 12 USC
3410**
☐ **900 Appeal of fee determination
under equal access to Justice**
☐ **950 Constitutionality of State
Statutes**
☐ **890 Other Statutory Actions (if
not administrative agency
review or Privacy Act**

(5)

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General <br> ☐ **510** Motion/Vacate Sentence | ☒ **442** Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *\*(If pro se, select this deck)\** | ☐ **895** Freedom of Information Act <br> ☐ **890** Other Statutory Actions (if Privacy Act) <br><br> *\*(If pro se, select this deck)\** | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act <br> ☐ **720** Labor/Mgmt. Relations <br> ☐ **730** Labor/Mgmt. Reporting & Disclosure Act <br> ☐ **740** Labor Railway Act <br> ☐ **790** Other Labor Litigation <br> ☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act) <br> ☐ **443** Housing/Accommodations <br> ☐ **444** Welfare <br> ☐ **440** Other Civil Rights <br> ☐ **445** American w/Disabilities-Employment <br> ☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance <br> ☐ **120** Marine <br> ☐ **130** Miller Act <br> ☐ **140** Negotiable Instrument <br> ☐ **150** Recovery of Overpayment & Enforcement of Judgment <br> ☐ **153** Recovery of Overpayment of Veteran's Benefits <br> ☐ **160** Stockholder's Suits <br> ☐ **190** Other Contracts <br> ☐ **195** Contract Product Liability <br> ☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ **1** Original Proceeding　◯ **2** Removed from State Court　◯ **3** Remanded from Appellate Court　◯ **4** Reinstated or Reopened　◯ **5** Transferred from another district (specify)　◯ **6** Multi district Litigation　◯ **7** Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

2 U.S.C. § 1408, Congressional Accountability Act:discrimination based on race, retaliation for protected activity.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23　DEMAND $ To Be Determined　Check YES only if demanded in complaint　**JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE **8/24/07**　SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.　COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.　CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.　CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.　CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.　RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.