**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
CORNELL HERBERT               )
                              )
            Plaintiff,        )
                              )
        v.                    )    Civil Action No. 07-1516(CKK)
                              )
THE ARCHITECT OF THE CAPITOL  )
                              )
            Defendant.        )
_____)
```

**ANSWER**

**First Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

**Second Defense**

Plaintiff has failed to comply with the requirements of the Congressional Accountability Act (CAA), 2 U.S.C. 1301 et seq.

**Third Defense**

In response to the numbered paragraphs of the Complaint, defendant admits, denies, and avers as follows:

1. The allegation of paragraph 1 is a conclusion of law to which no response is required. To the extent an answer is deemed required, it is denied.

2. The allegations of paragraph 2 are conclusions of law to which no response is required. To the extent an answer is deemed required, they are denied.

3. The defendant denies that any unlawful employment practices occurred but avers that plaintiff is employed in the District of Columbia.

4.   Admitted.

5.   Admitted.

6.   Denied.

7.   The defendant incorporates herein by reference the responses to Paragraphs 1 through 6.

8.   The defendant admits that matters raised by plaintiff in this paragraph were the subject of a complaint with the Office of Compliance and of a settlement agreement between the parties. The settlement agreement bars any claim on these allegations. Moreover, the settlement agreement denied any unlawful employment practices.

9.   Denied.

10.  Denied.

11.  Denied, but defendant avers that a sticker which read "Danger" was observed on plaintiff's locker.

12.  Admitted.

13.  The defendant admits that plaintiff received a promotion to a W-9 in January, 2007.

14.  Defendant admits that plaintiff was assigned on that date, along with Leader Charles Brown and other temporary employees, to work in the Longworth House Office Building in Room 1314 that contained furniture that needed to be moved before painting could begin; that the team was unhappy that they had to move the furniture; that the plaintiff refused to move the furniture  and encouraged the other painters to do likewise; that plaintiff was informed that if he did not want to move furniture

he could speak to Mr. Williams; and that plaintiff spoke to Mr. Williams and returned to Room 1314.  The defendant denies that plaintiff moved furniture; rather, he sought to encourage the other painters to refuse to move the furniture, using various expletives during the course of his efforts.

15. Denied.  The defendant admits that the word "nigger" was used once by a temporary white employee who was sent home; that the temporary employee was processed for termination; and that the temporary employee resigned before he was terminated.  The remaining allegations are denied.  The defendant avers that plaintiff requested the names of the other painters and when they refused, plaintiff became upset, argumentative, and profane.

16. The defendant admits that plaintiff was notified of a proposed reprimand for his behavior and actions but denies that the proposed reprimand was based on the reasons alleged by plaintiff or that no other employee was disciplined.  The temporary employee who used the offensive word was sent home and processed for termination.

17. Defendant incorporates herein by reference the responses to paragraphs 1-16.

18. Denied.

19. Denied.

20. Defendant incorporates herein by reference the responses to paragraphs 1-19.

21. Denied.

22. Denied.

3

The remainder of the complaint is plaintiff's prayer for relief.  The defendant denies that the plaintiff is entitled to the relief requested or to any relief whatsoever.

Wherefore, it is respectfully requested that the Court dismiss the Complaint and grant other such relief as it deems necessary.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

4