UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
CORNELL HERBERT                    )
                                   )
         Plaintiff,                )
                                   )
     v.                            )   Civil Action No. 07-1516(CKK)
                                   )
THE ARCHITECT OF THE CAPITOL       )
                                   )
         Defendant.                )
_____)

## ANSWER TO FIRST AMENDED COMPLAINT

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted or the complaint is frivolous.

### Second Defense

Plaintiff has failed to comply with the requirements under the Congressional Accountability Act (CAA), 2 U.S.C. 1301 et seq, the applicable referenced statutes under the CAA, the regulations issued by the Office of Compliance or regulations made applicable under the Congressional Accountability Act, and related legal requirements.

### Third Defense

In response to the numbered paragraphs of the Complaint, defendant admits, denies, and avers as follows.

1.  Paragraph 1 is a legal conclusion to which no response is required.  To the extent an answer is deemed required, jurisdiction is denied.

2.  The allegations in paragraph 2 are legal conclusions to which no response is required.  To the extent an answer is deemed

required, they are denied.

    3.    The defendant denies any unlawful employment practices occurred, but avers plaintiff is employed in the District of Columbia.

    4.    Admitted.

    5.    Admitted.

    6.    Denied.

    7.    Defendant incorporates herein by reference the responses to Paragraphs 1 through 6.

    8.    The defendant admits that the matters raised by plaintiff in this paragraph were the subject of a complaint raised with the Office of Compliance and of a settlement agreement between the parties. The settlement agreement bars any claim on these allegations. Moreover, the settlement agreement denied any unlawful employment practices.

    9.    Denied.

    10.    Denied.

    11.    Denied, except to admit that a sticker which read "Danger" was observed on plaintiff's locker.

    12.    Admitted.

    13.    Admitted. Defendant further avers that plaintiff was promoted to WG-9 in January 2007.

    14.    Defendant admits that on December 2, 2006, plaintiff was assigned to work in the Longworth House Office Building in Room 1314, along with Leader Charles Brown and other temporary employees; that Room 1314 contained furniture that the team was

unhappy about moving; that the furniture needed to be moved before painting could begin; that plaintiff refused to move the furniture and encouraged the other painters to do likewise; that plaintiff was informed that if he did not want to move furniture he should speak to Mr. Williams; that plaintiff spoke to Mr. Williams; and that plaintiff returned to Room 1314. The defendant denies the remaining allegations of Paragraph 14. The defendant avers that plaintiff urged his co-workers not to move the furniture, using various expletives during the course of his efforts. The defendant further avers that plaintiff's position description requires moving furniture.

15. Denied as stated. The defendant avers that plaintiff's coworkers did not agree with plaintiff's requests for their names or his efforts to have them refuse to move the furniture; that plaintiff became upset and used profane language and argued with his coworkers, most of whom were temporary painters. The defendant admits that the "N" word was used on one occasion; that the temporary white painter who did so was sent home; and that he was then processed for termination but resigned before the termination process was completed. Any allegation inconsistent with the foregoing is denied.

16. The defendant admits that on January 9, 2007, the defendant proposed a reprimand for plaintiff because of his behavior and actions but denies that the proposed reprimand was for the reasons stated. The remaining allegations are denied. The temporary employee was sent home and processed for

termination.

17. Admitted.

18. Admitted.

19. Defendant incorporates by reference herein the responses to Paragraphs 1-18.

20. Denied.

21. Denied.

22. Defendant incorporates by reference the responses to Paragraphs 1-21.

23. Denied.

24. Denied.

The defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Wherefore, the defendant requests that the complaint be dismissed and that the Court grant such other relief as the Court deems appropriate.

                Respectfully submitted,

                __/s/_____
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                __/s/_____
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                __/s/_____
                DIANE M. SULLIVAN, D. C. BAR # 12765
                Assistant United States Attorney
                Judiciary Center Building
                555 Fourth Street, N.W.
                Room E4919
                Washington, D.C. 20530
                (202) 514-7205